WILLIAM L. SOSNIAK et al., Landlords, Appellants, *v.* IRVING MARCUS, Tenant, Respondent.

Supreme Court, Appellate Term, Second Department, June 17, 1948.

*Nathan Amchan* and *Irvin T. Pollack* for appellants.

*Charles Pokorny* and *Abraham Pokorny* for respondent.

*Per Curiam.* It was error to dismiss the petition at the end of the landlords' proof. The landlords established a prima facie case. The certificate of the City Rent Commission did not authorize any independent inquiry by the trier of the facts as to the title of the landlord. The tenant cannot question his landlord's title. The certificate specifically states the " ground " for its issuance. Such ground is one of those specified in the local law. Any facts in connection with that " ground " are those which the commission states are not intended to be withdrawn from inquiry by the courts. The certificate, in accordance with local law, was issued only after notice and opportunity to the tenant to reply to the application of the landlord. Because a parent, as here, gives or loans money to his children to purchase property, they are not estopped from asserting the ownership or the equity which they have in the property as a basis for an application to get a certificate to bring a proceeding to recover premises for their own use. The implied finding of the commission that the landlords' equity was sufficient is not subject to review by the Municipal Court.

The final order should be unanimously reversed on the law and new trial granted, with $30 costs to the landlords to abide the event.

MacCrate, Steinbrink and Rubenstein, JJ., concur.

Final order reversed, etc.