In the Matter of KRISTINA DELANEY, Respondent, against PAUL L. Ross et al., Constituting the Temporary City Housing Rent Commission, Defendants, and MYRA S. MAGNUSON, Intervener, Appellant.

First Department, June 21, 1948.

*Louis George Rudd* of counsel (*William Matthews* with him on the brief), for appellant.

*John F. Loehr* of counsel (*Frank Delaney,* attorney), for respondent.

*Per Curiam.* On August 7, 1947, petitioner-respondent, as landlord, commenced a summary proceeding in the Municipal Court of the City of New York to evict the intervener-appellant,

as tenant, from an apartment, upon the ground that the term of the lease had expired because the tenant had violated a substantial provision of the lease by permitting others to occupy the apartment. The tenant appeared in person and consented to a final order, which was entered on August 15, 1947, with a stay of issuance of the warrant until November 1, 1947. No proof was taken as to the allegations of the petition. The final order simply recited that it was entered on consent by reason of the expiration of the tenant's term.

Local Law No. 66 of 1947 of the City of New York (Administrative Code, § U41–7.0) having been enacted prior to the date when the warrant might issue, petitioner was required to obtain a certificate of eviction from the Temporary City Housing Rent Commission before the warrant could issue. The commission refused petitioner's application for a certificate, stating that on the basis of the facts adduced at the hearing and pursuant to the policy of the local law it determined that the tenant had not violated a substantial obligation of her tenancy. The facts adduced were that the tenant had lived in the premises for six or seven years and had a roomer on only one occasion for a period of two months, and requested the roomer to leave upon being informed by the landlord that his presence was a violation of the lease.

Petitioner instituted this article 78 proceeding to require the commission to issue a certificate. The court at Special Term granted the motion, holding that the Municipal Court proceeding had established the tenant's violation of a substantial obligation of the lease and the commission could not review or reverse that determination. The refusal to issue a certificate was, therefore, held to be arbitrary, capricious, unreasonable and illegal.

The question comes down to this — may the commission consider the facts and conditions existing at the time a certificate is requested and refuse a certificate despite the fact that the court has granted a final order of dispossess? We would agree with petitioner that matters adjudicated by the court are concluded and that the commission may not make findings on the same issue at variance with those made by the court. It should be noted here that no findings were made in the dispossess proceeding, the order having been entered on consent. And we think it clear from the policy of Local Law No. 66, the reasons for its enactment and the creation of a commission with the requirement of a certificate from the commission notwithstanding an order of the court, that the commission was expected to review the facts and conditions existing at the time a certificate

is sought and determine whether a certificate should then be issued. (*Matter of Molnar* v. *Curtin*, 273 App. Div. 322; *Whitmarsh* v. *Farnell*, 273 App. Div. 584.)

While we cannot and do not accept the view expressed in the affidavit of the chairman of the commission that a tenant who permits another person to share his apartment does not violate a substantial obligation of his tenancy, we do think that the commission was justified on the particular facts here in refusing a certificate, and that its action may not be annulled as arbitrary or unreasonable or beyond its legal authority.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and petitioner's application denied.

DORE, J. (dissenting). The basis of the summary proceeding was that the tenant was violating a substantial obligation of the lease in permitting persons other than the immediate members of her family to occupy the apartment. The record shows that this violation was not restricted to only one occasion. The tenant admits in her verified statement that '' from time to time, during the housing shortage * * * I had taken in Ex-G-I's, who shared my apartment with me temporarily * * *.''

The majority opinion rejects the ruling of the commission that a tenant who permits others to share the apartment does not violate a substantial obligation of the tenancy. If we hold as a matter of law that the action was a violation of a substantial obligation of the lease, the refusal by the commission was clearly illegal and arbitrary, as the learned Special Term found, and we should not confirm it.

Accordingly, we dissent and vote to annul the determination of the commission and to direct it to issue a certificate of eviction forthwith.

PECK, P. J., GLENNON and CALLAHAN, JJ., concur in *Per Curiam* opinion; DORE, J., dissents in opinion in which COHN, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant, and petitioner's application denied. Settle order on notice.