In the Matter of ANGELO RODRIGUEZ, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, February 14, 1949.

*Nathan W. Math* and *Joseph Jay* for respondents.

*Murray Waldman* for petitioner.

WALSH, J. This is an application by petitioner to review the determination of the temporary city housing rent commission in revoking and canceling a certificate of eviction previously issued to him and to direct the reinstatement of the certificate.

The facts, briefly, are as follows: On January 15, 1948, the petitioner purchased a two-family house located at 1049 53rd Street, Brooklyn, the premises involved in this proceeding, which were and are now occupied by two families, one of whom is the tenant Dikowitz. To permit the eviction of the latter tenant petitioner applied to the respondents for a certificate of eviction. The respondents, following their consideration of the matter, issued a certificate on March 12, 1948, predicated upon compelling necessity and good faith shown. Petitioner then instituted summary proceedings in the Municipal Court, and on June 10, 1948, a final order in his favor was entered with the execution of the warrant stayed until November 30, 1948. Thereafter, on consent, the execution of the warrant was further stayed until December 15, 1948.

The compelling necessity and good faith of the petitioner were found in the following situation: Petitioner since 1935, has resided at premises 1031 53rd Street, Brooklyn. He there

occupied an apartment in the capacity of a superintendent until May, 1947. Upon that date he received a notice from his employer discharging him as superintendent and directing him to vacate the premises. Petitioner thereupon commenced a proceeding in this court (*Rodriguez* v. *Multiple Holding Corp.*, [No. 9167–1947]) for an injunction restraining the owner of the premises from evicting him. Plaintiff therein, the present petitioner, demanded judgment that he be decreed a tenant in the apartment and that the relationship of landlord and tenant existed between his employer and himself. Therefore, the basic issue there presented was whether the petitioner was a superintendent or tenant. No determination of this issue was made since during the pendency of the trial the parties entered into a stipulation of settlement permitting this petitioner to remain in possession for approximately one year, upon condition that he pay for the use and occupation of the apartment during such time and that upon the expiration of the date set in the stipulation the petitioner was to vacate the premises.

On December 9, 1948, petitioner received a telegram from the respondents suspending the certificate which had been issued and setting the matter down for a hearing. The telegram reads as follows: " Certificate No. 3652 is hereby suspended pending a hearing at this commission at 9:15 AM on December 23, 1948. File No. 13473 TEMPORARY CITY HOUSING RENT COMMISSION 500 Park Ave. New York N. Y."

The suspension was based upon the application of the tenant Dikowitz for reconsideration on the theory that the issuance of the certificate to the petitioner was erroneous since there was actually no compelling necessity on petitioner's part for an apartment. Following the hearing by the respondents on December 23, 1948, it was determined that the relationship between petitioner and the owner of the house wherein he resided at 1031 53rd Street was one of landlord and tenant (and not of employer and employee) and that, in consequence thereof, the petitioner could not be evicted from the said premises despite the stipulation above mentioned, until the issuance of a certificate authorizing the owner to institute eviction proceedings against the petitioner. It was further determined by the respondents that the stipulation of settlement which had been agreed upon during the pendency of the injunction action was in violation of Local Law No. 66 of 1947 of the City of New York, as amended, which prescribes that any waiver of any of the provisions of the law shall be unenforcible and void unless approved by the commission. It should be noted that this court assumed jurisdiction of

the litigation between the petitioner and his employer (or landlord) in June, 1947, and it issued an injunction *pendente lite* in July, 1947, and then assisted the parties in reaching an amicable adjustment which was incorporated in the stipulation of the parties, and finally one year later, in February, 1949, after the terms of the stipulation had been or should have been fulfilled, this court made an order discontinuing the action and vacating the injunction. It should also be noted that the petitioner's landlord, Multiple Housing Corp., the defendant in the Supreme Court action, is not a party to the proceeding before the respondents, but the respondents assume to pass upon its rights.

Upon this motion it is the petitioner's position that the respondents erred in determining that the relationship which existed between the owner of the premises located at 1031 53rd Street and himself was that of landlord and tenant, and not of employer and employee, and, secondly, that in any event the reconsideration of the matter which led to the determination of December 23, 1948, was unjustified as being untimely in that it was not brought within the time specified in subdivision (c) of section 2 of the Procedural Regulation on Applications for Reconsideration, effective January 16, 1948.

For the reasons hereinafter apparent, it is unnecessary to determine whether upon the facts the respondents were justified upon the rehearing in deciding the status of the petitioner in his occupancy of 1031 53rd Street, and in holding that the stipulation of settlement between the petitioner and the owner of the aforementioned premises was violative of public policy.

With respect to the second point urged by the petitioner, to wit, the untimeliness of the application for reconsideration, it is my view that the respondents were not clothed with an authority, under the facts hereof, to revoke the certificate. Subdivision (c) of section 2 of the Procedural Regulation, effective January 16, 1948, reads as follows: " An application for reconsideration shall be filed within 20 days from the date of the order sought to be reconsidered."

Respondents, of course, do not deny that the application was not brought within the time limitation specified in the foregoing section, but resist the motion upon the ground that the regulaion " is not strictly applied when same would defeat the purpose of the law." Diligent research has failed to disclose any case where the right of the respondents to revoke a certificate, as is this case, has been categorically presented and determined.

It is true that respondents refer to *Kay* v. *Finkelstein* (N. Y. L. J., Dec. 28, 1948, p. 1670, col. 4, CUFF, J.), but the memorandum decision therein fails to disclose the pertinency thereof to the instant case.

In the absence of an authoritative appellate holding to the contrary, this court holds upon facts such as here disclosed that the respondents, after the expiration of the period specified in subdivision (c) of section 2 of the Procedural Regulation, have no right to reach a determination at variance with that previously rendered. If respondents do not desire to adhere to such Procedural Regulation they have the right and power under section 1 of Local Law No. 66, as amended (Administrative Code of City of New York, § U.41–7.0, subd. m), to amend or rescind this provision. There appears to be no power vested in the respondents after the expiration of the time set forth in the Procedural Regulation (*supra*) to cancel or revoke the certificate previously issued except as provided by section 8 of article II of Regulation II.

Moreover, there are even more important reasons, irrespective of the effect to be given to subdivision (c) of section 2 of the Procedural Regulation, why the respondents were not vested with authority to act with reference to the certificate after the assumption by the Municipal Court of jurisdiction of the summary proceedings and the rendition of its determination thereof. Upon the assumption of jurisdiction by the Municipal Court and the rendition of its determination, the administrative proceeding for a certificate of eviction ended and merged in the order of the court. Further, the respondents should not be permitted at this time to review the action of this petitioner against his landlord or employer in the Supreme Court. The record does not disclose how that landlord will dispossess the petitioner, whether by eviction or summary proceeding.

The purpose of the New York City Rent Control Laws is to prevent the wholesale eviction of tenants. As far as applicable to the present situation, it is well stated in the recent work entitled " Rent Control " by Friedlander and Curreri, as follows (§ 93.0, pp. 332–333) : " Where the landlord wishes to institute court proceedings, a certificate will be granted if he demonstrates to the Commission that under the applicable City rent law, he has a prima facie right to evict the tenant on the ground set forth in his application. A prima facie right to evict is made out when the facts established to the Commission's satisfaction by the written and oral statements of the landlord and tenant

and the hearing, if any, show that the landlord has a sufficient ground for eviction under the pertinent City rent law, as interpreted by the Commission. * * * The view thus far judicially indicated is that the granting of a certificate does not conclude the court in which the landlord brings dispossess proceedings as to the existence of the ground for eviction certified by the Commission. [*Sosniak* v. *Marcus,* 191 Misc. 927.] * * * According to this view, the court may render its adjudication on the basis of the evidence presented before it, being free to disregard the certificate and to decide the facts with respect to the existence of the certified ground for eviction contrary to the Commission's determination.''

This is recognized by the commission in its own certificate, which reads: '' This certification by the Commission that a ground exists for the institution of eviction proceedings is based upon a prima facie showing to that effect and is not intended to preclude a court or jury, upon a trial, from making an independent determination of the facts.''

This case, of course, is readily distinguishable from *Whitmarsh* v. *Farnell* (298 N. Y. 336), holding that the requirement of a certificate of eviction under Local Law No. 66 applied to a summary proceeding that was pending when that law was enacted. (See, also, *Matter of Delaney* v. *Ross,* 274 App. Div. 8.) In the instant case, the certificate had been issued before any summary proceeding had been brought.

If one were to follow the logic and reasoning of the respondents, it necessarily would follow that the respondents could at any time, and for any reason satisfactory to them, recall the certificate and divest the Municipal Court or any appellate court of the jurisdiction assumed by either predicated upon the proper issuance of the certificate. As the court held in an analogous situation, in *International Union of Mine, Mill & Smelter Workers* v. *Eagle-Picher Mining & Smelting Co.* (325 U. S. 335, 340–341): '' Finality to litigation is an end to be desired as well in proceedings to which an administrative body is a party as in exclusively private litigation. The party adverse to the administrative body is entitled to rely on the conclusions of a decree entered by a court to the same extent that other litigants may rely on judgments for or against them. * * * Administrative flexibility and judicial certainty are not contradictory; there must be an end to disputes which arise between administrative bodies and those over whom they have jurisdiction. This does not mean that the Board could not frame an order which

by its terms required modification should conditions change [which power the respondents in the instant case have reserved to themselves under Reg. II, art. II, § 8]. But here the order was definite and complete ". So, in the instant case, was the certificate definite and complete upon its face.

We have still, under our American system, " a government of laws." Implicit in that concept is a denial of power, as here arbitrarily exercised, in disregard of the jurisdiction vested in the Municipal Court and in disregard of the respondents' own regulations. As held in *Coane* v. *American Distilling Co.* (298 N. Y. 197, 205), even the Legislature itself concededly vested with far greater latitude than the respondents cannot be deemed to have enacted a change in law which will deprive litigants of a cause of action after they spent time and money in preparing for trial. If the tenant or respondents were aggrieved and desired to remedy the situation complained of, application to the court should have been made for the relief sought, instead of taking it upon themselves to divest the court of its jurisdiction by a telegram to petitioner. To permit the respondents at this stage to revoke the permission it has given and withdrawing from the Municipal Court the jurisdiction conferred and acted upon would be to sanction an abuse of power. If the court be in error in thus concluding, the query obviously suggests itself: At what time in any given matter does the respondents' authority to act terminate?

Possibly, petitioner might mandamus the city marshal to execute the final order, which apparently has not been vacated, but the court feels that the situation may be clarified by determining the authority of the respondents under the statute and local law to revoke a certificate as they have done in this case. The court cannot find any authority for such a revocation.

For the reasons aforesaid, the application is granted and the respondents are directed to reinstate the certificate. Settle order.