WILLIAM W. BLAISDELL, Landlord, *v.* STACY HARRIS, Tenant, and CLAIRE NIESEN, Undertenant.

Municipal Court of the City of New York, Borough of Manhattan, November 21, 1949.

*Abraham D. Strauss* for landlord.

*Joseph F. Romano* for undertenant.

CHIMERA, J. It appears that after trial of a holdover proceeding held on December 6, 1948, this court made and entered a final order in favor of the landlord-lessee, the issuance of the warrant being stayed to and including the 1st day of November, 1949. This determination followed a stipulation on the part of the landlord-lessee to the effect that if the court were to find a final order in his favor a stay of nine months was to be granted the undertenant.

The basis of the proceeding and for which the landlord-lessee obtained a certificate from the temporary city housing rent commission was " The applicant because of compelling necessity seeks in good faith, to recover possession of such apartment for his own immediate and personal use and occupancy as dwelling accommodations."

One week before the expiration of the stay the undertenant moves this court for an order vacating the said final order on the ground that since the making and entry of same, the condition and situation of the landlord-lessee has so materially changed that he cannot now be said to have a compelling necessity.

The fundamental claim of the undertenant is that the spirit of Local Law 66 of 1947 of the City of New York (pursuant to which the temporary city housing commission issued the certificate relating to the basis for the holdover proceeding). and the regulations promulgated by the commission in accordance with the powers granted it by the said Local Law 66 dictates only one conclusion and that is that a landlord may not use a certificate issued under one set of circumstances in connection with an action to remove or evict a tenant once the circumstances have changed. With that interpretation this court is entirely in accord. Indeed, subdivisions (a), (b) and (c) of section 8 of article II of Regulation II filed in the office of the city clerk on September 19, 1947, as amended October 10. 1947, and October 22, 1947, clearly provide for the surrender of such certificate for cancellation under such circumstances; declare the use of same " unlawful ", and even after eviction provide for the prior written consent of the commission before the landlord may occupy the premises. Subdivision (c) provides further: " If the Commission denies its consent, it may direct the landlord to restore the tenant to possession * * *."

Citing Matter of Rodriguez v. Coster (194 Misc.. 882) and Matter of Bogan v. Heneghan (92 N. Y. S. 2d 270) the under-tenant argues that " The Supreme Court has consistently over-ruled any determination by the Commission revoking a pre-viously granted certificate if a Summary Proceeding was pending in the Municipal Court " and that " the implication of said decisions is clear, however, that any relief must come from the Municipal Court since it is the only tribunal which has jurisdiction."

Assuming this change of circumstances, an assumption not too difficult to arrive at from a study of the papers before me, the court is faced with an intriguing question — may the Munici-pal Court grant the relief prayed for under the circumstances outlined?

Had the changed circumstances existed before final order and had they been called to the attention of the court on the trial, there is no question that the court would have been within its power to consider them in arriving at its decision.

Whatever changed circumstances exist today they came into being subsequent to the final order.

If this court has jurisdiction to vacate the final order it must find its power in the statutes. Subdivision 7 of section 6 of the New York City Municipal Court Code, does grant it the power " to vacate, amend, correct or modify any process, mandate, judgment, order or final order, in furtherance of justice " but the significant proviso must not be overlooked: " for any error in form or substance ". Here no error is claimed either of form or substance.

Subdivision 2 of section 93 of the Municipal Court Code does state: " 2. At any stage of the cause the court must allow amendment of any * * * final order in a summary pro-ceeding, if substantial justice will be promoted thereby." Here the motion is to vacate and not to amend.

Section 129 of the Municipal Court Code sanctions a motion for a new trial " upon the grounds of fraud or newly discovered evidence " if made with diligence and within a speci-fied period. Here no fraud is claimed. Nor can it be seriously urged that an entirely new and subsequent state of facts may be considered as newly discovered evidence.

In the considered opinion of this court there is no warrant in law for the granting of the relief herein sought under the circumstances claimed by the moving party.

Whatever may be the holding of the Rodriguez and Bogan cases (supra) I do not agree that the implication to be drawn

from those decisions limits the undertenant's remedy to the Municipal Court. In the absence of any adjudication by a competent tribunal challenging the constitutionality of Local Law 66 and the legality of the regulations above cited, who can say that the Supreme Court in its broad equity powers is powerless to restrain this or any landlord in an appropriate proceeding, from acting in contravention of the spirit of this emergency legislation?

Under the circumstances, and in order to afford both litigants an opportunity to set their respective " houses " in order, the issuance of the warrant is further stayed to and including November 30, 1949, on the same conditions as heretofore.