In the Matter of SAM RAKOWITZ, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, Kings County, March 2, 1949, on reargument, April 13, 1949.

*Monroe, Byrne & Kaye* for petitioner.

*Nathan W. Math* for Temporary City Housing Rent Commission of the City of New York, respondent.

*Milton M. Levin* for Jacob Weiner, tenant, respondent.

POWERS, J. This is an application by petitioner to review the determination of the temporary city housing rent commission in revoking and canceling a certificate of eviction previously issued and to direct the reinstatement of the certificate.

Upon the record it does not appear that there was any appreciable change in the evidence adduced at the first hearing and the last hearing which would warrant the respondents in canceling the certificate of eviction originally issued. Furthermore, the respondents were not clothed with an authority to revoke the certificate of eviction. Subdivision (c) of section 2 of the Procedural Regulation on Application for Reconsideration, effective January 16, 1948, provides that an application for a reconsideration must be filed within twenty days from the date of the order sought to be reconsidered. No such application was made by the tenant. The respondents cannot, of their own accord and at any time after the expiration of the twenty-day period, reach a determination at variance with that previously rendered except as provided by section 8 of article II of Regulation II. (See *Matter of Rodriguez* v. *Coster,* 194 Misc. 882, WALSH, J.) Under the circumstances, the application is granted and the respondents are directed to reinstate the certificate.

(On reargument, April 13, 1949.)

Motion for reargument granted, and upon the reargument the original decision is adhered to.

The court was well aware of subdivision (c) of section 2 of the Procedural Regulation promulgated by the rent commission and the decision of Mr. Justice WALSH prior to the filing of the petitioner's brief. The court's decision was predicated upon such knowledge and the factual situation presented in the original papers. As indicated, the tenant failed to apply for a reconsideration within the twenty-day period after October 26, 1948,

when the commission adhered to its original determination. The rehearing of December 8, 1948, was scheduled by the commission on its own motion and only after the tenant instituted his proceeding under article 78 of the Civil Practice Act. Neither the local rent laws, as amended, nor the regulations promulgated thereunder grant the commission the right to schedule such a hearing except as provided by subdivision (c) of section 2 of the Procedural Regulation. There does not appear to be any authority under the statute giving the commission the right on their own initiative to revoke a certificate *properly issued* where the record is barren of any misrepresentation or fraud on the part of the applicant in obtaining the certificate, particularly so, where there was no appreciable change in the evidence adduced at the first hearing and last hearing (*People ex rel Finnegan* v. *McBride*, 226 N. Y. 252, 258).

Under the circumstances, the tenant's contention that the court was misled or was not fully apprised of the facts is unfounded.