In the Matter of HARRY MASLYNSKY, Petitioner, against TEMPORARY CITY HOUSING RENT COMMISSION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, April 12, 1949.

*Irving Leavitt* for petitioner.

*Nathan W. Math* and *Joseph Jay* for respondent.

BELDOCK, J. Application to review the determination of the temporary city housing rent commission which revoked a certificate of eviction heretofore issued, and to direct a reinstatement of such certificate.

On March 3, 1948, a certificate of eviction was issued by the commission after a hearing. The certificate was issued as a result of a stipulation between petitioner and his tenant, which provided for a delay of three months for the commencement of proceedings in the Municipal Court and a consent on the part of the petitioner to a further stay of six months with respect to a warrant of eviction.

Petitioner proceeded in the Municipal Court and procured a final order which provided for a stay of execution of the warrant until December 14, 1948. On November 24, 1948, the rent commission sent a telegram to petitioner temporarily suspending the certificate of eviction which had been issued theretofore. A hearing was held and on December 15, 1948, the commission revoked the certificate which it had issued in March.

Based upon the report of the hearing officer, the commission found that the condition complained of was " self-created ". It held further that the stipulation between petitioner and his tenant, upon which the original certificate was issued, had been entered into upon condition that the petitioner would pay the difference between the tenant's present rental and the rental of a new apartment for one year. The commission then concluded " that the petitioner has failed to live up to the terms of said agreement and has refused to comply with the terms thereof."

The action of the commission in revoking the certificate was unwarranted. Without commenting upon the wisdom of the use of the machinery of the temporary city housing rent commission to enforce private agreements between landlords and

tenants of the character herein claimed to have been made, it is quite evident that the revocation of the certificate was without justification. Our courts have not been divested of their right to pass upon applications in summary proceedings and to grant stays or revoke final orders and warrants of eviction flowing therefrom. The local rent laws have provided a preliminary step which must be pursued as a prerequisite to commencing summary proceedings. Once the prerequisite has been satisfied and a certificate of eviction issued, the Municipal Court takes its appropriate jurisdiction. Where the proceedings have resulted in a judicial determination and a final order has been issued, the commission cannot thereafter revoke a certificate properly issued, with a consequence of invalidating proceedings properly had in the Municipal Court.

Moreover, the temporary city housing rent commission has violated its own regulations. Subdivision (c) of section 2 of the Procedural Regulation on Applications for Reconsideration, effective January 16, 1948, provides that an application for a reconsideration must be filed within twenty days from the date of the order sought to be reconsidered. The application for reconsideration in this case was made by the tenant on November 18, 1948, eight months after the commission had issued its certificate. If the commission does not desire to comply with its own Procedural Regulation, it has the power to amend or rescind such provision (Administrative Code of City of New York, § U41–7.0, subd. m; Local Laws, 1947, No. 66, of City of New York, as amd.).

The commission itself found that there was no misrepresentation or fraud on petitioner's part which induced the commission to issue the certificate. Had such a condition presented itself the commission might have been warranted in revoking the certificate. Where the record, as here, is silent on any misrepresentation or fraud by which the applicant obtained a certificate, there is no statutory authority giving the commission any right to revoke the certificate which has once been properly issued.

I agree fully with the rationale by which Mr. Justice WALSH reached a similar conclusion in the case of *Matter of Rodriguez* v. *Coster* (194 Misc. 882).

In a case respecting a ruling of the Civil Service Commission (*People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252, 258–259), Judge POUND, in stating the applicable law, said: " The action of the commission, had with due deliberation, upon such a matter as the establishment of an eligible list, should, for obvious

reasons, be regarded as a finality, but the commission's authority thereon does not wholly cease. It certifies names therefrom for appointment. Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations or review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action.''

Accordingly, petitioner's application is granted and the commission is directed to reinstate the certificate.