In the Matter of MORRIS D. BOHRER, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents, and NATHAN BLECKNER, Tenant.

Supreme Court, Special Term, Kings County, May 18, 1949.

*Harry Cohen* for petitioner.

*Nathan W. Math* for respondents.

LIVINGSTON, J. Application by petitioner to review the determination of the temporary city housing rent commission in revoking and canceling a certificate of eviction previously issued and to direct the reinstatement of the certificate.

The record indicates that on July 1, 1948, after a hearing conducted by the respondents with all parties present, the respondents issued a certificate to the petitioner predicated on the statutory grounds of good faith and compelling necessity. On August 27, 1948, the tenant filed an application for reconsideration, alleging that the factual situation before the respondents on the first hearing had changed. On September 1, 1948, and apparently on the new facts alleged in tenant's application for reconsideration, the respondents denied the same and adhered to their original determination of July 1, 1948. Thereafter, and on January 10, 1949, and what appears to be on their own initiative, the respondents directed a rehearing and upon such rehearing reversed themselves and revoked the certificate previously issued, the revocation being predicated on the same grounds set forth in the tenant's application for reconsideration in August, 1948, and on the same grounds upon which the denial of September 1, 1948, was based.

It is my view that under the circumstances alleged, the respondents, in scheduling the last hearing and revoking the certificate previously issued, abused their discretionary and statutory powers. The court finds no authority under the local rent laws and the regulations promulgated thereunder giving the respondents any right, on their own initiative, to revoke a certificate properly issued where the record is barren of any misrepresentation or fraud on the part of the applicant in obtaining the certificate (*People ex rel. Finnegan* v. *McBride*, 226 N. Y., 252, 258; *Matter of Rakowitz* v. *Coster*, N. Y. L. J., April 14, 1949, p. 1348, col. 1; *Matter of Sanfilippo* v. *Coster*, N. Y. L. J., May 9, 1949, p. 1656, col. 6). The respondents, having considered the tenant's application for reconsideration and having denied it, cannot, more than four months later, without any change in facts, reconsider it again. There must be an end to disputes and litigation which arise between administrative bodies and those over whom they have jurisdiction. The facts presented do not come within subdivision (c) of section 2 of the Procedural Regulation on

Applications for Reconsideration, effective January 16, 1948, pertaining to reconsiderations and rehearings, or section 8 of article II of Regulation II affecting changes in circumstances.

The application is, therefore, granted and the respondents are directed to reinstate the certificate. Settle order.