ARNOLD A. TOZZI, Plaintiff, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, v. ANNIE TKACHENKO et al., Defendants.

Supreme Court, Special Term, Bronx County, April 17, 1951.

*Albert N. Cassatta* for plaintiff.

*Robert H. Schaffer* and *Walter S. Fried* for intervener.

*Irving Cohen* for defendants.

EDER, J.   Motions Nos. 31 and 37 are considered together. In Motion No. 31 plaintiff seeks an injunction, and in Motion No. 39, defendants seek the dismissal of the complaint.

This is an action by the plaintiff, a former tenant of the defendant Tkachenko, to restrain said defendant as owner and landlord, and the defendant Novick, as city marshal, from evicting plaintiff from a three-room apartment now occupied by him and his family, in the building in concern.

Plaintiff obtained, ex parte, a temporary injunction, contained in an order to show cause, restraining defendants from evicting him pending the determination of this motion which seeks to continue the injunction, *pendente lite.*

The Temporary State Housing Rent Commission has intervened and has joined with the plaintiff in the application for the temporary injunction and its continuance.

Defendants cross-move to dismiss the complaint.

The motion for the injunction *pendente lite,* is denied, and the temporary injunction, contained in the order to show cause, is dissolved and the cross motion to dismiss the complaint, is granted, and the complaint is dismissed.

Defendant Tkachenko heretofore applied to the Temporary State Housing Rent Commission for a certificate of eviction to enable her to institute summary proceedings to recover possession of said apartment.  The commission granted the application and on July 7, 1950, issued its certificate of eviction, whereupon said defendant duly instituted in the Municipal Court, Borough of The Bronx, First District, a summary proceeding

to recover possession of said three-room apartment. After trial, and on August 31, 1950, a final order was made in favor of said defendant awarding her possession of said apartment. Execution of the warrant was stayed to July 31, 1951. The warrant of eviction was delivered to defendant Novick, as city marshal, to evict the plaintiff and place the defendant Tkachenko in possession.

No appeal was taken by plaintiff, as tenant, in said summary proceeding from said final order, and the time to do so has long expired.

In November, 1950, another apartment in the building became vacant and plaintiff notified the commission thereof and requested defendant Tkachenko to rent said apartment to him, which she refused to do. Thereafter, the commission, after several hearings, because of said facts, by an order made February 26, 1951, cancelled and revoked the certificate of eviction theretofore issued by it and directed defendant Tkachenko to surrender the same.

Plaintiff, after the time to appeal from the final order had expired, applied to the Municipal Court to vacate the final order, based upon the facts which form the basis of this action and the instant application. Said application was denied by the Municipal Court and plaintiff thereupon appealed from the order of denial to the Appellate Term of the Supreme Court, where the appeal is presently pending. The plaintiff, as tenant-appellant, made no application to the Appellate Term for a stay of the final order and warrant of eviction pending the determination of the appeal. Instead, the instant action was brought, and the injunction obtained, as mentioned.

Unless the commission was empowered to legally recall and revoke the said certificate of eviction, by virtue of which certificate the summary proceeding was brought and the final order obtained, and upon which the warrant issued, it is clear such recall and revocation were unlawful and that in such event plaintiff has no maintainable cause of action and the complaint must be dismissed, and the motion for the injunction denied.

The commission has intervened, seeking to uphold its action in recalling and revoking said certificate of eviction, in an endeavor to aid and assist the plaintiff to continue in possession.

In this connection the commission refers to and relies upon section 9 of the State Residential Rent Law (L. 1946, ch. 274) as amended by chapter 443 of the Laws of 1951, which, it is urged, empowers the State Rent Administrator to reconsider

his order granting a certificate of eviction and to recall, cancel and revoke it and that this may be done by him at any time before eviction of the tenant actually takes place.

I am unable to concur in this view which finds no support in the language of section 9, or, so far as I am able to discover, in any other provision of the State Residential Rent Law prior to the recent enactment of said chapter 443 of the Laws of 1951.

Section 9, entitled " Judicial Review ", so far as here material, provides in subdivision 1 thereof, that any person who is aggrieved by the final determination of the commission, may seek a review thereof in the Supreme Court under article 78 of the Civil Practice Act. It is therein further provided that the order sought to be reviewed may, however, during the pendency of such proceeding in the Supreme Court, be modified or rescinded by the commission, viz.: " the * * * order may be modified or rescinded by the commission at any time notwithstanding the pendency of such proceeding for review."

Whatever may be the effect thereof as it applies to the action of the commission during the *pendency* of a proceeding to review under article 78 of the Civil Practice Act, it certainly has no application, and can have none, to a proceeding instituted, as this one was, as an original proceeding to recover possession of real property brought under the provisions of section 1410 of the Civil Practice Act or under the applicable provisions of the State Residential Rent Law.

Nothing in the language of section 9 authorizes the commission to recall or revoke a certificate of eviction after a summary proceeding has been instituted by virtue thereof in a court of competent jurisdiction, or after the certificate has merged in a final order, and nothing in the language of section 9 authorizes the commission to so act after appeal has been taken to the Appellate Term from such final order or from any order made in such summary proceeding.

Where the question has come up in any relevant or comparable form, the courts have denied the power of the commission to revoke the certificate of eviction or to interfere with the jurisdiction of such court or its determination or process (*Matter of Rodriquez* v. *Coster,* 194 Misc. 882; *Matter of Maslynsky* v. *Temporary City Housing Rent Comm.,* 194 Misc. 912; *Matter of Rakowitz* v. *Coster,* 196 Misc. 229; *Matter of Graystone Hotel Corp.* v. *Coster,* 275 App. Div. 807; *Bogan* v. *Heneghan,* 92 N. Y. S. 2d 270; cf. *Matter of D. & D. Realty Corp.* v. *Coster,* 277 App. Div. 668).

Nowhere in the emergency rent laws is there any indication of a legislative intent to vest the commission with power to override and render nugatory the jurisdiction of the judicial tribunals, their determinations or processes. If such an intention had been declared, such legislation would be invalid as an intrusion by an administrative agency into the judicial branch of government, and would be an illegal interference therewith and an unlawful invasion of the jurisdiction of the courts.

The commission has not cited any case which upholds its position. Even said section 9, it is to be observed, is *restricted*, by its very language, to a *pending* proceeding, and is further *confined* in its application to a proceeding brought under *article 78* of the Civil Practice Act; and even in such a case the power of the commission to modify or rescind its order cannot extend to a case where the article 78 proceeding has already *terminated*.

To entertain and approve the construction urged by the commission with respect to section 9 would be to create and sanction chaos, to destroy all heretofore accepted rules of law and orderly procedures; there would never be finality of judicial determination. Rights created and conferred by judgment, decree or final order, by a court of first instance, or by an appellate court, would have no meaning or effect and could be set at naught by a mere administrative ruling.

I am unaware of any declaration by any court of recognized authority, which supports this administrative postulate, or which has given recognition to so extravagant a claim.

The action of the commission in cancelling and revoking the certificate of eviction theretofore issued to the defendant Tkachenko, on July 7, 1950, was illegal and void, and the order of cancellation and revocation, dated February 26, 1951, is null and void and of no effect, and plaintiff's complaint, which is predicated thereon, states no maintainable cause of action and plaintiff is not entitled to any relief by virtue thereof.

It follows, therefore, that the complaint must be dismissed, and the motion for injunction, denied.

Settle order.