SPOTLESS STORES, INC., Appellant, *v.* HELEN SMITH, Respondent. (And Nine Other Cases.)

First Department, October 30, 1951.

*Paul R. Shaw* of counsel (*Solomon Weinstein* with him on the brief; *Paul R. Shaw,* attorney), for appellant.

*J. Howard Rossbach* of counsel (*Max Lerner* and *Lawrence J. Logan* with him on the brief; *J. Howard Rossbach,* attorney), for respondent.

*Per Curiam.* The dismissal of the summary proceedings would seem to be improper.

(1) The Municipal Court found that the landlord had abandoned its intention to withdraw the housing accommodations from the rental market. This finding was unwarranted on the basis of a mere entry in the specification sheet of an application for permission to alter the building. The landlord should have been given a full opportunity to explain such entry and show its actual significance.

(2) In any event, the Municipal Court should not have decided the issue as to whether there had been an abandonment of the purpose for which the certificates of eviction had been issued. We deem that the proper procedure under the law requires the Rent Administrator to decide questions of this kind. On a prima facie showing of intention to abandon such purpose the Municipal Court should stay the trial of any summary proceeding for a reasonable time in order to allow the tenant to apply to the Rent Commission for revocation of the certificate of eviction. The emergency statute and the rules adopted thereunder would appear to give the Rent Administrator power to entertain an application for revocation and allow him to waive any time limitation contained in the rules

with respect thereto upon good cause shown. Certainly an abandonment of the basic intention or original purpose of the landlord occurring after expiration of the usual time for protest or review would constitute good cause for waiver of any limitation of time. And such abandonment would justify revocation, if established.

The determination of the Appellate Term and the final orders of the Municipal Court should be reversed and a new trial ordered, with costs to the appellant, in all courts, to abide the event. The trial of the summary proceedings may, however, be stayed for a reasonable period pending an application to the Rent Commission for revocation of the certificates of eviction, if the tenants be so advised. Settle order.

PECK, P. J., GLENNON, DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Determination of the Appellate Term and the final orders of the Municipal Court unanimously reversed and a new trial ordered, with costs to the appellant, in all courts, to abide the event. The trial of the summary proceedings may, however, be stayed for a reasonable period pending an application to the Rent Commission for revocation of the certificates of eviction, if the tenants be so advised. Settle order on notice.