In the Matter of GIOVANINA CAROSELLI, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Respondents.

Supreme Court, Special Term, Bronx County, November 17, 1952.

*Angelo C. Ninivaggio* for petitioner.

*Robert H. Schaffer* and *Walter S. Fried* for respondents.

HAMMER, J. This is an application by the landlord-petitioner, pursuant to article 78 of the Civil Practice Act, to review the determination of the respondent commission which revoked a certificate of eviction which had been previously granted to petitioner.

The petitioner owns a two-family house in which the tenant occupies the upper floor apartment. The lower floor is occupied by the landlord, his family and the immediate family of his married daughter. In October, 1951, the petitioner applied to the rent commission for a certificate of eviction, seeking to

obtain the tenant's six-room apartment for petitioner's married daughter and her family.

On January 25, 1952, after a hearing at which both the tenant and the landlord were represented by counsel, and after a physical inspection of the premises had been had by a representative of the local rent administrator, the local rent office granted the certificate to petitioner. The tenant protested and on May 7, 1952, his protest from the determination was denied by respondent commission. The landlord then instituted the required summary proceeding in the Municipal Court, based upon the certificate of eviction issued, for the eviction of the tenant. On consent of the tenant, a final order was entered by the court awarding possession to the petitioner and giving the tenant a stay of the warrant for six months.

On July 14, 1952, during the period of the stay, an apartment became vacant in the adjoining building, which is also owned by the petitioner. The tenant then apprised the local rent administrator of the fact of this new vacancy in the next door building and that tenant had requested of petitioner this newly vacant apartment and that petitioner had refused same. Thereupon, on July 18, 1952, the local rent administrator sent petitioner a letter which scheduled a new hearing for July 24, 1952, and requested the parties and their attorneys to be present " in order to determine whether the order granting a certificate of eviction on January 25, 1952 will be sustained." It may here be noted that by this time the Municipal Court had already acted on the certificate of eviction and had issued the final order and six months' stay thereof on consent of the tenant.

Both parties appeared at said hearing on July 24th, the petitioner appearing by his attorney solely for the purpose of objecting to the jurisdiction of the local rent administrator in such new hearing. Petitioner filed a written formal protest to this action by the local rent administrator, asserting that said office was without power to interfere with the legal process of the courts where a certificate of eviction had been granted and been merged into a final order of the court. Petitioner further urged that the local office was without right or power to reopen the proceedings without first having an order of remand by the State Rent Commission, as required by section 88 of the Rent and Eviction Regulations promulgated by the State Rent Administrator.

Overruling these objections, the local rent administrator, by orders dated August 1, 1952, reviewed and reconsidered the

record and its previous decision and that of the ruling by the State Administrator on protest, which determinations had granted a certificate of eviction to petitioner on January 25, 1952, and upon such reconsideration the local rent administrator revoked the order of January 25, 1952, and found that the certificate of eviction now should be denied. This is the present state of the record and determinations before this court on the instant article 78 proceeding by petitioner for a review of this last determination by the local rent administrator.

I am convinced upon a study of the record of the proceedings had herein that respondents' action was arbitrary and capricious in the circumstances. After the issuance of the certificate of eviction and its merger in the final order of the Municipal Court the rent commission and the local rent administrator may no longer exercise jurisdiction in the matter or make further dispositions in regard to the certificate. The commission has no power to override the jurisdiction of judicial tribunals, their determinations or processes, for such would be an intrusion by an administrative agency into the judicial branch of the Government and an invasion of the jurisdiction of the courts (*Tozzi* v. *Tkachenko,* 200 Misc. 303; *Matter of Cupo* v. *McGoldrick,* 278 App. Div. 108).

The local emergency rent laws provide preliminary steps which must be taken as a prerequisite to the commencement of summary proceedings. Once the prerequisite has been satisfied and a certificate of eviction issued, the Municipal Court takes its appropriate jurisdiction, and where the proceedings have resulted in a judicial determination and a final order entered thereon, the commission cannot thereafter revoke a certificate which had been properly issued, with a consequence of invalidating the proceedings which had properly been had in the Municipal Court (*Matter of Maslynsky* v. *Temporary City Housing Rent Comm.,* 194 Misc. 912, 914). The rights of the tenant and of the landlord were determined by the commission and by the court, even though a stay had been granted to afford the tenant time within which to find a new apartment (*Matter of Steiner* v. *McGoldrick,* N. Y. L. J., June 26, 1952, p. 2506, col. 4, affd. 280 App. Div. 971).

That the action of the local rent administrator in the proceeding at bar was arbitrary and capricious is evident by the additional factors that (a) the vacancy which occurred herein after the issuance of the final order was not in the same building but was in another separate building situate next to the one

involved herein, and (b) the local rent administrator had no power to modify, supersede or revoke any order issued except pursuant to an order of remand issued by the State Rent Administrator (State Rent and Eviction Regulations, § 88). The landlord was under no duty to relocate the tenant in another building. As was stated in *Matter of Steiner* v. *McGoldrick* (*supra*): " The stay was not to become inoperative in the event that another apartment became vacant in the same building. No such option was afforded to tenant in respect of the newly vacated apartment."

Under the circumstances, the court must hold the determination of respondent to have been arbitrary and capricious, and the orders of the local rent administrator dated August 1, 1952, are revoked. Settle order.