In the Matter of LOUIS SCHNEIDER, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant, and JEROME KERNER, Intervener, Appellant.— Proceeding under article 78 of the Civil Practice Act, to review an order of the State Rent Administrator which affirms an order of the local

rent administrator annulling a certificate of eviction theretofore granted to petitioner. The certificate was granted on the landlord's representation that he was married and that he had an immediate and compelling necessity for the three-room apartment occupied by the intervener. No protest was filed within thirty days after the issuance of the certificate. Some three months after its issuance, the tenant petitioned for a rehearing on the grounds that the landlord had no lawful wife, and that he had made recent offers to sell the premises with at least two vacant apartments, including the tenant's apartment. After a hearing at which the parties were present, the local rent administrator annulled the certificate of eviction, and on the landlord's protest the order was affirmed by the State Rent Administrator. At Special Term the order of the State Administrator has been vacated and the certificate of eviction reinstated. The State Rent Administrator and the tenant appeal. Order reversed on the law, without costs, and petition dismissed, without costs. The local rent administrator was empowered to annul the certificate upon a showing that the landlord has changed his intentions (State Rent and Eviction Regulations, § 54, subd. 4) or that the certificate had been procured in bad faith or by fraud (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252). The evidence supports the annulment by the Local Rent Administrator. The jurisdiction of the rent commission over the eviction certificate did not end upon commencement of the court proceedings for removal of the tenant. (*Matter of Gennaro* v. *McGoldrick*, 280 App. Div. 946.) Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.