In the Matter of PEDRO LUGO, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.

First Department, March 1, 1955.

*Norman S. Fenton* of counsel (*Walter S. Fried,* attorney), for appellant.

*Godfrey Julian Jaffe* for respondent.

*Per Curiam.* This case presents the question, left open in our decision in *Matter of Steiner* v. *McGoldrick* (280 App. Div. 971), of the jurisdiction of the State Rent Commission to reconsider and rescind a certificate of eviction after the Municipal Court has entered a final order upon the certificate but during the time that a stay of the order is in effect.

The ground upon which the commission acted in revoking its certificate was that the landlord had perpetrated a fraud upon the commission in procuring it. Any issue of justification, as distinguished from jurisdiction, for the commission's action is not before us. The commission acted upon what appear to be good grounds and after refusal of the landlord to attend the hearings at which the evidence of his fraud was taken. Instead of contesting the claim of fraud, the landlord elected to stand solely upon what he claims is the lack of any legal right or jurisdiction on the part of the commission to reconsider or recall a certificate after a final order of the Municipal Court has issued.

It has been held that this jurisdiction does exist (*Matter of Gennaro* v. *McGoldrick,* 280 App. Div. 946; see, also, *Spotless Stores* v. *Smith,* 279 App. Div. 26). Holdings to the contrary (*Tozzi* v. *Tkachenko,* 200 Misc. 303, and *Matter of Caroselli* v. *McGoldrick,* 203 Misc. 307) are based upon a view that to permit the commission to take up a case after the entry of a final order would be to allow the commission to invade the jurisdiction of the courts. We think, however, if the jurisdiction of the commission in the matter is clearly understood and defined, that no invasion of the jurisdiction of the court is involved.

The commission may not recall an order of the court. Indeed a recall of its own certificate in and of itself has no effect upon an order of the court. The court may be moved, however, upon the new action of the commission, to recall its own order within the time that it has to modify or annul an order.

This case presents no problem with respect to the order of the Municipal Court or any question of the appropriate action for the Municipal Court to take if and when the case is again brought to its attention. It is stated in the commission's brief that the tenant's application for reconsideration of the commission's certificate was made with the specific approval of the Municipal Court. This suggests at least the procedural possibility of going to the Municipal Court in the first instance. We do not undertake, however, to define the permissible procedure. All we are required to pass upon is the jurisdiction of the commission to entertain the application to rescind a certificate of eviction upon the ground that it has been procured by fraud. We hold that such jurisdiction exists despite the fact that a final order may have issued from the Municipal Court. It would, of course, remain for the court to consider whether the action of the commission and the ground of its action warrant the court in recalling its own order.

The order appealed from should be reversed and the petition dismissed, with costs to appellant. Settle order on notice.

BREITEL, J. (dissenting). I dissent and vote to affirm the order of Special Term.

So long as a final order or judgment of a court of competent jurisdiction is outstanding, no one affected, neither the private parties nor the administrative agency, may question it as to the facts or law determined thereby. To permit the administrative agency, therefore, to revoke a certificate of eviction either is meaningless, or it destroys the finality of the court order. The certificate was the initial and essential basis for the jurisdiction of the court in the summary proceeding. If any meaning is to be attached to the revocation, that jurisdiction must or should now fail. This is an untenable result, for jurisdiction once attained by a court is not, nor should it be, lost by reason of external or collateral events occurring after judgment or final order. A change in the law might, under some circumstances, be an exception. Moreover, assuming that the Municipal Court in this case should, for good cause, decline to vacate its final order because of the revocation, what then would be the status of either the revoked certificate or the final order? Should the Municipal Court agree that the final order should be vacated for fraud, but lack power to do so because of the time limitations imposed by the statute (N. Y. City Mun. Ct. Code, § 129), what effect then has the revocation and in what position does that leave the final order of the court of competent jurisdiction?

Much the better procedure, and, it is submitted, the only permissible procedure, is for the aggrieved party to move to vacate the final order in the Municipal Court, provided he can meet the conditions of section 129 of the Municipal Court Code. Then, if the application is granted, the Municipal Court should stay its own proceedings, as was suggested by this court in *Spotless Stores* v. *Smith* (279 App. Div. 26). At that juncture the administrative agency would have full power, not only to reconsider its action, but to revoke or sustain the certificate previously granted by it.

The problem presented now has been faced squarely in the past only at Special Term, but whenever it has, the question, with one exception, has been categorically answered that the administrative agency loses jurisdiction to revoke a certificate of eviction, once its action has been merged in a final judicial determination. (*Matter of Caroselli* v. *McGoldrick*, 203 Misc. 307; *Tozzi* v. *Tkachenko*, 200 Misc. 303; *Matter of Rodriguez* v. *Coster*, 194 Misc. 882; *Matter of Maslynsky* v. *Temporary City Housing Rent Comm.*, 194 Misc. 912; *Messina* v. *McGoldrick*, 119 N. Y. S. 2d 539; *Bogan* v. *Heneghan*, 92 N. Y. S. 2d 270. *Contra: Matter of Caruso* v. *McGoldrick*, 133 N. Y. S. 2d 531.) Presumably this court, on an earlier occasion, had the same view of the matter when it said, among other things, in *Matter of Greystone Hotel Corp.* v. *Coster* (275 App. Div. 807) as follows: " On this record in the light of all the facts and circumstances disclosed, including the ruling of Special Term and the appeal pending therefrom in which the rights of all parties could have been adequately protected, we hold the commission should not have determined to reconsider its former determination ".

Similarly, the Second Department, on at least one occasion, seems to have taken the view that the rent commission may not revoke a certificate of eviction where a final court order is based thereon, without prior application to the court to vacate the order. (*Matter of Lettieri* v. *Finkelstein*, 274 App. Div. 904.)

Nothing said by the same court in its brief memorandum in *Matter of Gennaro* v. *McGoldrick* (280 App. Div. 946) requires a different view than that urged here or held in the *Lettieri* case. Certainly, the actual holding does not. In the *Gennaro* case, the rent commission, without notice to the tenant, granted a certificate of eviction. Upon institution by the tenant of an article 78 proceeding, Special Term remitted the issue to the commission for reconsideration. While the matter was pending before the commission, that is, by remission and direction of the Supreme Court, the landlord obtained a final order of

eviction in the Municipal Court. Thereafter, concluding its reconsideration, the commission revoked the certificate of eviction. The Second Department, in upholding the revocation, thus merely held, as did this court in the *Spotless Stores* case (*supra*), that, where matters were, or should be, properly before the commission, the Municipal Court should have deferred its proceeding until the commission had an opportunity to act.

Likewise, in *Matter of Schneider* v. *McGoldrick* (282 App. Div. 1055), also a case in the Second Department, the rent commission, after its initial grant of a certificate of eviction, entertained an application by the tenant for its revocation. Although the matter was thus pending before the commission, the landlord commenced summary proceedings in the Municipal Court. The Municipal Court stayed further action pending the outcome of the revocation proceeding. There was no final order. The commission then revoked the certificate of eviction. On review, the Second Department, citing the *Gennaro* case, held that the mere *commencement* of a summary proceeding in Municipal Court did not foreclose the commission from revocation of a certificate of eviction. At this point it is suggested that the procedure outlined in the *Spotless Stores* case (*supra*) is preferable, namely, remission of issues to the administrative agency and stay of the judicial proceedings pending administrative determination.

On any view, the rent commission continues to have jurisdiction, even after the final order in the summary proceeding, to hear and consider complaints of tenants, especially where fraud is involved or charged to have occurred in the administrative proceedings. The question is whether it is entitled to revoke a certificate of eviction which had been the essential ground of jurisdiction for the grant of a judgment, or final order, or, whether it should be required to make prior application to the court to vacate the final order or judgment, before it revokes the certificate of eviction. Unless the certificate of eviction be recognized as merged in the final order, there is no finality to the order, and the statutory time limitation for vacating final orders is deviously avoided. Moreover, there is created confusion as to the status of the parties and of the judicial proceedings. Certainly, the principle of *res judicata* as applied to final orders in summary proceedings is given a strange and unnecessary twist, perhaps with unpredictable consequences. At the same time the rent commission need not be frustrated to the slightest degree in pursuing inquiry of alleged fraud; only its action in revocation would depend on obtaining prior vacatur

by the court that had granted the final order. This is practical. It also accords with the ancient rules as to the conclusive character of a final judgment or final order.

The order should be affirmed, but with leave, however, to appellant, or the tenant, to make an appropriate application, if any is still available, to vacate the final order, and if successful, for the matter to proceed further before the rent commission.

PECK, P. J., CALLAHAN and BOTEIN, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents in opinion in which BASTOW, J., concurs.

Order reversed and petition dismissed, with costs to appellant. Settle order.