Matthew M. Levy, J.
This is an article 78 (Civ. Prac. Act) proceeding brought by a landlord to annul a determination by the State Rent Administrator, which denied the landlord’s application for a certificate of eviction.
The landlord instituted a proceeding before the Local Rent Administrator for a certificate of eviction pursuant to section 56 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission, upon the alleged ground that the tenant is not using the premises for her own dwelling. The landlord’s application stated that she had been informed that the tenant had vacated the apartment some three months before and had moved to Rhode Island. Listed in the application as subtenants were Barbara Holland, her husband and their three children. The tenant’s response was that she is living in the apartment and has been living therein for 20 years; that Barbara Holland is her granddaughter; that she, the tenant, did not turn over the apartment to her granddaughter, who lived with her therein; that the telephone was listed in the tenant’s name; that her permanent voting registration was in the subject premises; that she had never lived or worked in Rhode Island, but her sojourn there was only for a short time at the recommendation of her physician to recuperate from an illness; that the furniture in the apartment, except the television set, belongs to her ; and that it was during the time she was in Rhode Island that her granddaughter remained in the apartment.
The hearing officer found on the basis of this testimony that the tenant did in fact live in the apartment and he recommended denial of landlord’s application for a certificate of eviction. *642 Thereafter, the petitioner’s attorney filed an affidavit sworn to by himself, in which it is stated that, after obtaining- information as to the owner of the premises where the tenant is alleged to be living in Rhode Island, he wrote to the owner, requesting confirmation of the residence or non-residence of the tenant at that address, that no reply was received thereto, and that the attorney concluded that “ in view of all of tenant’s lack of co-operation herein regarding this Rhode Island address, there can be no doubt as to the tenant’s bad faith which warrants the issuance of a certificate of eviction herein
The record does not indicate whether a copy of this affidavit was ever served upon the tenant. Without any further investigation and, seemingly on the basis of this irrelevant, incompetent, hearsay, ex parte affidavit — which on its face is bare of any probative force — the local rent administrator granted certificates of eviction to the petitioner landlord against the tenant, her granddaughter and the latter’s husband, on the ground that the tenant was not using the premises for her dwelling.
Thereafter, an attorney representing the tenant wrote the Local Rent Administrator asking a reopening of the proceeding for further investigation. On May 17, 1961, the Local Rent Administrator issued a notice to reopen, scheduling a hearing on June 1,1961. On May 22,1961, the Local Rent Administrator conducted a physical inspection of the apartment, which disclosed that the apartment was actually occupied at the time of the inspection by the tenant. In the landlord’s answer to the notice of the reopened proceedings, the petitioner challenged the right of the Local Rent Administrator to reopen, alleging a violation of section 88 of the State Rent and Eviction Regulations and asserting the absence of any showing of illegality, irregularity or fraud in the. issuance of the certificates of eviction. On the hearing held June 1, 1961, the testimony satisfied the Local Rent Administrator as to the tenant’s continued residence in the apartment, and the orders previously issued, granting certificates of eviction, were revoked.
The petitioner’s protest against these orders was denied by the Administrator. She then commenced an article 78 proceeding in this court with respect to this determination. The Administrator requested of the court that the proceeding be remitted. He stated, inter alia, that,“ Upon review respondent is of the opinion that a legal, question raised by petitioner was not properly resolved”. . That legal question was the contention of the petitioner that it was error and directly contrary to section 88 of the State Rent and Eviction Regula *643 tions for the Local Rent Administrator to revoke his own order in the absence of a finding that such order was a result of illegality, irregularity in vital matters, or fraud, and that the record is completely devoid of any reference to or any finding that such illegality, irregularity in vital matters or fraud exists. By order of the court, the prior proceeding was remitted on consent.
In the remitted proceeding a third hearing was conducted, at which the petitioner, her attorney and the superintendent of the apartment house appeared. No appearance was made by the tenant. The petitioner’s attorney stated that he had no further evidence to offer with respect to the actual residence of the tenant. He contended that the only pertinent area of inquiry was whether or not the Local Rent Administrator had authority to reopen the original proceeding in view of the provisions of section 88. The hearing officer noted, however, in his conference report, that the superintendent of the house stated that the 1 ‘ only time he sees the tenant is at the end and beginning of the month. To the best of his knowledge, she is away from the premises for the major part of any month. At present Mr. Percy [the superintendent] is quite certain that Lena Brown [the tenant] is the only occupant of the subject housing accommodation * * * when she is there * * * and that Barbara Holland Huff [the granddaughter] and her family have removed and have not been seen for several weeks by the superintendent”.
The State Administrator again denied the landlord’s protest and reaffirmed his prior determination, stating, inter alia, that the tenant has never vacated the apartment; that she is .the only one living there and that she has not surrendered occupancy to subtenants and that the landlord failed to establish the right to a certificate of eviction under section 56. Thereupon, the present article 78 proceeding was instituted by the landlord.
The petitioner has limited the issue herein to whether or not the Local Rent Administrator had the authority to revoke his own order. Section 88 of the State Rent and Eviction Regulations provides in pertinent part:
“ Section 88. Modification or revocation of orders.
“ 1. Except as provided in Paragraph 2 or 3 of this section, the Local Rent Administrator may not modify, supersede or revoke any order issued under; these or previous regulations, except pursuant to - an order of remand issued by the State Rent Administrator, unless he finds that such order was the result of illegality, irregularity in vital matters, or fraud.”
*644 The record plainly demonstrates that, at the first conference, the proof was clear that the tenant resided in the apartment. The hearing officer recommended denial of the certificate. The reversal of this finding by the Local Administrator on the basis of an ex parte affidavit of no probative force, copy of which was not shown to have been served on the tenant, constituted, in my view, an irregularity in vital matters. The holding that the tenant was not using the premises for her own dwelling — and relying upon no proof in support thereof — was clearly baseless. Thus, the reopening of the proceedings by the local administrator was fully justified, substantially and procedurally.*
While the notice reopening the proceedings did not specify that this was done because of ‘ ‘ irregularity in vital matters ’ ’, a fair reading of the record up to this point clearly indicates that this was adequately implicit. There are no precedents which I have been able to find on this point, but there is, in my opinion, no legal requirement which would render the reopening jurisdictionally invalid because, in so directing, the Local Administrator did not cite section 88 or the substance thereof as the basis for his action.
Moreover, in the remission of the proceeding by this court, the State Administrator has the power to decide the matter de novo, even upon the same facts. In Matter of Yasser v. McGoldrick (282 App. Div. 1056, affd. 306 N. Y. 924), the proceeding was also remitted by court directive; the same evidence was produced at the new conference; the Administrator reversed his prior determination; the losing party instituted an article 78 proceeding and successfully vacated such determination, Special Term holding in substance that the Administrator was without power to reverse himself, on the same proof, in the absence of fraud, illegality or irregularity in vital matters. The Appellate Division, however, in. reversing, held that the State Rent Administrator had, on remission by the Supreme Court, the authority to reconsider the matter de novo and, that holding was affirmed by the Court of Appeals (see, also, Matter of La Fontaine Prop. v. McGoldrick, 200 Misc. 518, 519; cf. Matter of Neri v. Temporary State Housing Rent Comm., 7 Misc 2d 24, 27).
Accordingly, there being substantial evidence to support the Administrator’s determination — -which was, in the eircumstancés, made in accordance with the provisions of law. and *645 regulation — the order is not arbitrary, capricious, unreasonable or unlawful (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1; Matter of Everly v. Weaver, 7 Misc 2d 965, 976-977, and cases cited therein). The application is denied and the petition is dismissed.

 It should be noted that, when the proceedings were reopened on May 17, 1961, the tenant had ample time within which to file a timely protest against the April 28 order.