Memorandum. Respondent’s motion to dismiss the appeal, taken as of right, is granted and the appeal should be dismissed upon the ground that the order of the Appellate Division, denying appellant’s motion to vacate his disbarment, is not a'final order. The order appealed from denies the same relief, on the same papers, as the earlier order of the Appellate Division entered in 1948 (Matter of Gladstone, 274 App. Div. 789). In making its decision in 1948, the Appellate Division had jurisdiction under the case law to consider and is presumed to have considered the same alleged suppression of evidence which has been adduced in support of the application to vacate which was denied by the order presently appealed from (People ex rel. Finnegan v. McBride, 226 N. Y. 252). Similar power is now explicitly recognized by CPLR 5015 ([a], 3) as residing in the Appellate Division. That section provides that the court which rendered a judgment or order may relieve a party from it upon the ground of ‘1 fraud, misrepresentation, or other misconduct of an adverse party”. Jurisdiction of the Appellate Division to make the order now sought to be reviewed is deemed to have been exercised under said CPLR 5015 ([a], 3). Such an order is nonfinal, however, as was recognized by the dismissal by this court in 1949 of the cognate order of the Appellate Division made in 1948 (298 N. Y. 857). It is not appealable, as of right, regardless of whether a substantial constitutional question is involved; it can only be reviewed if leave to appeal has been granted, as is permitted in case of a nonfinal order in a proceeding instituted by or against a court or tribunal (CPLR 5602, [a], 2).
We have examined the merits in connection with the motion for leave to appeal made pursuant to CPLR 5602 ([a], 2) (as this court did previously in denying permission to appeal in 1947 from the order of disbarment, 296 N. Y. 1057) and have concluded that this motion for leave to appeal should be denied.
Appeal taken as of right dismissed, without costs, upon the ground that the.order appealed from does not finally determine the proceeding within the meaning of the Constitution.
Motion for leave to appeal denied.