■ In the Matter of RALPH L. MATINZI, Respondent, v DANIEL W. JOY, as Deputy Commissioner of the Department of Housing and Development, Respondent, and C.R.C. LIMITED PARTNERSHIP, Appellant. — Judgment, Supreme Court, New York County (Thomas Galligan, J.), entered January 10, 1983, remanding the matter to respondent for further proceedings, reversed, on the law, without costs or disbursements, the application denied and the petition dismissed. Petitioner is a tenant residing in a multiple dwelling located at 250 East 51st Street, New York City, having lived there since 1968. In 1958, the premises was converted from a rooming house to a multiple dwelling. On January 23, 1979, a decontrol order was issued pursuant to subdivision 5 of section 9 of the New York State Rent and Eviction Regulations (now 9 NYCRR 2100.9 [e]) and section 2 (subd f, par [10]) of the New York City Rent and Eviction Regulations. Three years later, on March 11, 1982, petitioner filed a statement of violation, which was dismissed on June 15, 1982. One month thereafter he protested the decontrol order, which protest was denied by the commissioner on September 9, 1982, on a finding that no timely protest had been made. Thereupon, petitioner brought this proceeding for judicial review pursuant to CPLR article 78, alleging that there had been misrepresentations by the owner at or about the time the decontrol order was issued. Concluding that the tenant did not discover the fraud in obtaining the decontrol order for some three years, Special Term granted respondent Joy's cross motion and remanded the matter to him pursuant to section Y51-9.0 (subd a, par [1]) of the Administrative Code of the City of New York. The court also denied the owner's cross motion to dismiss the petition as barred by the Statute of Limitations and by a stipulation of settlement, dated July 19, 1982, which had

been entered into between the tenant and the owner in the Civil Court. Special Term thereby permitted the landlord to raise those issues to the administrative body upon the remand. To the contrary, these questions should have been resolved in passing upon the cross motion to dismiss. While the court may remit a matter to an administrative agency to correct an error of judgment, a mistake in the record or to take additional testimony (*Matter of Schoenstein v McGoldrick,* 279 App Div 395, 397), the remand must be consistent with established legal principles and in accordance with statutory power conferred upon that body. Section 2108.2 (b) of the New York State Rent and Eviction Regulations (9 NYCRR) permits the filing of a protest within 33 days after issuance of the rent administrator's order. Here, no protest was filed for more than three years. The statement of violation, filed by the tenant March 11, 1982, was dismissed by the district rent director. The protest filed thereafter in July, 1982, was also dismissed on the ground that the decontrol order had not been timely challenged. The failure to timely protest the order of decontrol is dispositive, and, under the circumstances of this case, precludes the tenant after the time to obtain review had expired (see *Matter of Manno v Berman,* 56 Misc 2d 542, 544). Moreover, overlooked by both Special Term and by respondent is the effect of the settlement agreement between the parties to the summary proceeding, which had been pending in the civil court. Protest proceedings were pending before respondent when the Civil Court action was settled in a stipulation which included the withdrawal by the tenant of his answer, with prejudice, and a detailed agreement setting forth the terms of occupancy and the rent to be paid. Presumably, the stipulation settled all grievances between the parties. Any proceedings before the commissioner must be consistent with prevailing legal principles. The commissioner has no authority or power to relieve the parties of the terms of their stipulation entered into in settlement of a judicial proceeding. This is a matter reserved to the courts upon a proper showing. It is well established that a party may be granted relief from a stipulation on a showing of good cause, such as fraud, collusion, mutual mistake or such other similar ground (*Rado v Rado,* 51 AD2d 811; *Ragen v City of New York,* 45 AD2d 1046). The judicial power to relieve parties from consequences of an agreement settling an action may be exercised during the pendency of the litigation before execution of a stipulation of discontinuance or the entry of a judgment in accordance with the terms of the settlement (*Teitelbaum Holdings v Gold,* 48 NY2d 51). As applied here, it is patently clear that the stipulation, so ordered by the court, fully disposed of the summary proceeding. The absence of the required showing of specific facts as a predicate for a claim of fraud, collusion or mutual mistake, bars the tenant from the conclusory assertions of fraud and misrepresentation made herein. The petition contains only the conclusory allegations that the deputy commissioner was "arbitrary and capricious in failing either to re-open * * * the proceeding * * * on the ground of illegality, irregularity in vital matters, or fraud." There are no specific facts detailed as to what constituted such fraud or illegality. To permit vacatur of a settlement on that factually unsupported basis would detract from the public policy encouraging the finality of settlements. On its part, respondent Joy's cross motion to remit the matter merely states that the "Commissioner is of the opinion that further processing and consideration are required to properly and fully determine the issues involved". However, in light of the settlement, the insufficiency of petitioner's claims and the omission of any substantiating facts, no remand is warranted on this record. Concur — Carro, J. P., Bloom and Kassal, JJ.

Silverman and Fein, JJ., dissent in a memorandum by Fein, J., as follows: The majority pays homage to the finality of administrative decisions, based upon the proposition that the passage of time has rendered it too late for

petitioner to obtain a rehearing as to the 1979 decontrol of his apartment. But the very nature of fraud is such as to conceal facts which would otherwise have been brought out in a timely manner. The rent commissioner has recognized as much in independently requesting remand to give him an opportunity to explore the allegations of fraud. This would not be a remand merely to give the rent commissioner an opportunity to change his mind, which would surely be time barred (*People ex rel. Finnegan v McBride,* 226 NY 252, 259). Rather, its purpose would be to review an order alleged to have been procured by fraud. The rent commissioner undoubtedly has the authority to review a prior order for modification or rescission, where warranted (Administrative Code of City of New York, § Y51-9.0, subd a, par [1]). Such warrant to correct an error exists where the prior order resulted from "illegality, irregularity in vital matters, or fraud." (*People ex rel. Finnegan v McBride, supra,* p 259; *Matter of D & D Realty Corp. v Coster,* 277 App Div 668, 671.) It is beyond question that prior to commencement of this CPLR article 78 proceeding the commissioner would have been within his rights to modify, supersede or revoke his prior order even without a hearing, upon a determination that it had resulted from illegality, irregularity in vital matters or fraud (New York City Rent and Eviction Regulations, § 103). Certainly it was not intended that the commencement of an article 78 proceeding would result in *restricting* the commissioner's authority in this area, especially where both the rent commissioner and the article 78 court have agreed that such a review was warranted. The majority relies heavily on the stipulation in Civil Court, by which all matters relating to terms of occupancy and rent were settled. But section 17 of the New York City Rent and Eviction Regulations explicitly voids any agreement by which a tenant might waive the benefit of any provisions of the rent law or regulations. Such waivers would violate the public policy in furtherance of which the law was enacted and the regulations were promulgated (see *Estro Chem. Co. v Falk,* 303 NY 83). Even a stipulation in open court between landlord and tenant cannot remove from the agency the exclusive right to determine the status and maximum rent of a rent-controlled apartment (*Norms Realty Corp. v Rodriguez,* 108 Misc 2d 124). The majority also ignores the fact that the same fraud alleged to have been perpetrated against the rent commissioner in obtaining the decontrol order was apparently advanced in the landlord's dealing with petitioner vis-à-vis the stipulation of settlement. The petition alleges: "14. The petitioner was unaware of the owners [*sic*] misrepresentation and nonrepresentation of vital and material facts." It has long been established that an agreement or settlement may be set aside where it was procured by false and fraudulent representations (*Baker v Spencer,* 47 NY 562; *Deutsch v Roy,* 239 App Div 714, affd 269 NY 508). The sanctity of a stipulation in open court presumes an absence of fraud or overreaching (*Vranick v Vranick,* 41 AD2d 663; *Josephs v Josephs,* 78 Misc 2d 723, 726-727), which would cast a different light on the agreement. Whether, upon discovery of the fraud, an application should first have been made to the Civil Court to open the settled order is not really important (see *Matter of Lugo v McGoldrick,* 285 App Div 465, 467). All that matters here is that on remand the rent commissioner will have authority to decide the matter *de novo,* even on the same set of facts (*Matter of Yasser v McGoldrick,* 282 App Div 1056, affd 306 NY 924; *Matter of Kimmel v Herman,* 34 Misc 2d 640). It is well settled that an action based on fraud becomes time barred only after unreasonable delay from the time of discovery of the fraud, and that the question of whether the fraud should reasonably have been discovered sooner is an issue of fact (see *Trepuk v Frank,* 44 NY2d 723; *Music Research v Vanguard Recording Soc.,* 547 F2d 192). The

rent commissioner seeks to explore this very issue. We should not interfere. The judgment should be affirmed.