SHIRLEY VOJDA et al., Respondents, v. LENORE M. PRIZEP, Appellant.

First Department, June 17, 1952.

*Roy M. Zeig* of counsel (*Liebowitz, Cobert & Deixel*), for appellant.

*Alfred S. Julien* of counsel (*Max Shamis* with him on the brief; *Aaron Shapiro,* attorney), for respondents.

BERGAN, J. The complaint alleges that the maximum residential rental under the State Residential Rent Law (L. 1946, ch. 274, as amd.) of an apartment at 340 West 72nd Street in which plaintiffs were tenants and defendant was landlord, was the sum of $85 a month, and that a registration statement to that effect had been duly filed and registered with the appropriate authorities. The lease between the parties, executed June 15, 1949, was for $135 a month.

The lease recited that the tenant " shall use and occupy * * * [the] premises " for " the practice of Cosmetology * * * and for no other purpose, except the occasional use of one (1) room for residential purposes."

The court at Trial Term was of opinion that this form of lease was a subterfuge for the real intent of the parties to rent the apartment for residential purposes and " to frustrate the protection afforded tenants by law." Treble damages were awarded plaintiff in the sum of $1,500 and a counsel fee of $350.

Defendant had the right to change the use for which he rented his apartments from residential to professional or business usage if the change was effected in good faith and not a mere mask to evade the residential rent ceilings. No question of violation of zoning regulations is involved on the appeal.

From the experience of some other tenants of defendant who testified, there is rather strong proof that " professional " use of apartments for purposes such as " voice culture " or " dramatics " was written into leases to permit the penetration of rent ceilings under circumstances where actual occupancy continued residential and not at all professional.

But the difficulty here is that the witnesses for the plaintiffs presented a better case from their experiences than the plaintiffs were able to show under their complaint. There was an actual professional use of the premises rented to plaintiffs for the practice of cosmetology. This art, as professionally practiced by plaintiff Shirley Vojda, shown in the record to be the " scientific " removal of hair from the body by an electric process, is also called " electrolysis."

The proof is that Mrs. Vojda practiced this art at 645 Madison Avenue before she moved in the apartment in issue here and that she continued to practice it with the necessary equipment in the apartment rented by defendant, earning from $30 to $70 a week — " an average of fifty dollars, I would say."

Thus the earnings from the work carried on in the apartment exceeded the rent received, and while the apartment was used also by plaintiffs as living quarters, we are of opinion that the finding of the court of a willful violation of the statute is against the weight of the evidence and that the judgment for treble damages and counsel fees should be reversed and judgment directed for the defendant.

CALLAHAN, J. (dissenting). Section 10 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) makes it unlawful for any person to demand or receive any rent for any housing accommodation in excess of the maximum rent, or to *offer, solicit, attempt* or *agree* to do so. Subdivision 5 of section 11 of the act gives the tenant a right of action to recover overcharges beyond the maximum rent for any housing accommodation. Housing accommodations and maximum rent are defined in the second section of the act.

The apartment involved herein is one of a number of dwelling units in a large apartment house zoned solely for residential use. It is a " housing accommodation " within the statute, and the registered maximum rent for same was shown by the proof to be $85 per month. The evidence was sufficient to support the finding of the trial court that the landlord was intentionally attempting to evade the maximum rent through subterfuge in charging $135 a month for a so-called " professional studio ", although he well knew that the premises were to be used primarily for a housing accommodation with a ceiling rent of $85 per month. The scheme, common in other apartments of the building, was to have the lease state that the apartment was to be used for a studio for a designated professional purpose. In the case of these plaintiffs it was " for  *  *  *  Cosmetology

\* \* \* and for no other purpose except the occasional use of one (1) room for residential purposes.'' The proof clearly established that in fact it was the intent of the parties that the tenant would use the apartment essentially and primarily for housing accommodations. The landlord had followed the same course with other tenants, showing a common plan or scheme to evade the law.

The fact that this tenant as distinguished from some of the others used a small part of one of the rooms for the professional purpose mentioned would not, in my opinion, relieve the landlord from liability to plaintiff or alter the fact that a violation of the statute had occurred, and the landlord was properly held liable under the statute.

The salutary purpose of this law would be defeated by permitting the sort of subterfuge rampant in this building to go unchecked. Any collaboration of a tenant in the scheme is, of course, immaterial. The fact that, after an illegal letting, a tenant does use the apartment in a secondary fashion for the ostensible business purpose specified in the lease would not control. The question in each case should be whether the space was in fact let knowing it was to be used essentially for a housing accommodation. If it so appears, any charge beyond the maximum rent is forbidden as against public policy, and the penalty in the statute should be applied.

In fact the New York City Zoning Resolution as amended October 30, 1950 (art. II), only appears to permit the practice of a profession within a residential district where the professional use is incidental to a residential use. In effect, the present decision will decontrol the space involved herein and similar space because a landlord sees fit to let the premises for a professional use (and only incidentally for a residential use) in violation of the zoning law.

COHN, and VAN VOORHIS, JJ., concur with BERGAN, J.; DORE, J., concurs in result; CALLAHAN, J. dissents in opinion.

Judgment for treble damages and counsel fees reversed, with costs to the appellant, and judgment is directed to be entered herein in favor of the defendant, with costs. Settle order on notice.