Matthew M. Levy, J.
Section 52 of the State Rent and Eviction Regulations authorizes ‘ ‘ Proceedings for eviction without certificate ”, including, among other cases, the situation where a ‘ ‘ tenant has unreasonably refused the landlord access to the housing accommodations for the purpose of making necessary repairs or improvements required by law ” (subd. 6). Apparently, the landlords in this case do not proceed on the basis of this regulation, but rather in pursuance of subdivision 1 of section 54. Wishing to install a central heating and a new hot-water system in the subject two-story dwelling, and having completed the operation as to the first floor, which was vacant, they were unable to gain entrance to the second floor. The tenant there (being apprehensive that this would be the forerunner of a demand for an increase of rent from her) refused such access. An application was thereupon made by the landlords to the Temporary State Housing Rent Commission .for a certificate of eviction on the ground of undue hardship to them, in that the “ first floor is completed but cannot be rented as the heating cannot be completed until she [the tenant] vacates.” The proceeding concluded in a denial of the certificate by order of the local rent administrator on the specific ground that the landlords “fails [failed?] to meet the requirements of the above Section [54 (1) of the State Rent and Eviction Regulations] ”, “ without prejudice to the filing of another application if other facts can be shown which warrant the relief under the Regulations ”. Subdivision 1 of section 54, providing for ‘ ‘ Proceedings for eviction with certificate ’ ’, reads as follows: “ No tenant shall be removed or evicted on grounds other than those stated in Section 52 unless on application of the landlord (or where the housing accommodations are located in a structure or building owned by two or more persons not constituting a cooperative corporation or association, the application shall be consented to by all the co-owners) the Administrator shall issue a certificate permitting the landlord to pursue his remedies at law at the expiration of the waiting period hereinafter specified in paragraph 2 of this section. The Administrator may issue an order granting a certificate if the removal or eviction meets the requirements of Sections 55, 56, 57, 58, or 59. The Administrator may also issue orders granting certificates in other cases if the requested removal or eviction is not inconsistent with the purposes of the Act or these Regulations and would not be likely to result in the circumvention *26 or evasion thereof.” Section 55 has application to a case of “ Occupancy by landlord or immediate family ”; section 56 to “ Tenant not using premises for own dwelling ”; section 57 to “Subdivision by alteration or remodeling ”; section 58 to “ Demolition ”; and section 59 to “ Withdrawal of occupied housing accommodations from rental market ”.
It appears from the return filed by the respondent that the examiner had recommended to the local rent administrator denial of the requested certificate of eviction on the finding that the landlords had “ failed to file plans with the Building Dept, of N. Y. C. for the installation of a central heating and hot water system ”. The order of the local rent administrator was dated March 30, 1956. The landlords did not proceed by way of protest to the State Bent Administrator (State Bent and Eviction Begulations, § 91). Instead, on May 2, 1956, a new proceeding was instituted by them at the local level ■— without referring to the denial of the earlier application — but on the same ground, substantially stated as follows: ‘ ‘ The landlord has suffered a hardship in that he seeks to install a central heating plant so as to provide heat in the first floor apartment which is presently vacant and cannot be rented without heat as part of the services provided. This proposed heating unit cannot be installed without gaining entrance to the tenant’s apartment and also putting installations therein.” This second application was granted by the local rent administrator “ upon the grounds stated in Section (54) of the Begulations ”, he having found that “ eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Housing Bent Control Law of 1950, and that a Certificate of Eviction should be issued ”. The certificate which was ordered was to take effect one month thereafter, pending the willingness of the tenant to permit admission to the landlords for the purpose of making the specified installation. The tenant continued to refuse access and duly filed a protest with the State Bent Administrator. That protest was denied, and this proceeding in pursuance of article 78 of the Civil Practice Act was instituted by the tenant to review and set aside the commission’s determination, order and certificate.
A number of bases are set forth by the petitioner in support of the relief prayed for by her. In the view I take of the matter I shall here consider but one of them — the legal propriety of the Bent Commission in entertaining an application on the same grounds on which it had acted on a prior application, and in arriving at a directly opposite conclusion.
*27 In Matter of Alamac Estates v. McGoldrick (2 N Y 2d 87, 89-90), the Court of Appeals recently pointed out that “ [w]hile the Rent Administrator has very broad powers and may, under appropriate circumstances, change his determination (Matter of Cupo v. McGoldrick, 278 App. Div. 108) and even, on remission for further consideration following a review in the courts, may reach a different result (Matter of Yasser v. McGoldrick, 306 N. Y. 924), that is not to say that ” there is no limitation whatsoever upon the Rent Administrator’s power to reverse himself. On the contrary, the reasons ‘‘ for the traditional rule regarding finality of decisions, not only by courts, but also by quasi-judicial and administrative bodies and officers ” are obvious (Matter of Cupo v. McGoldrick, 278 App. Div. 108, 111-112; Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26, 31; see, also, Matter of Willmont Liquors v. Rohan, 2 Misc 2d 768, 779).
Does the fact that this change of decision on the part of the local rent administrator took place as a result of a new application— as distinguished from tardy or improper reconsideration of the final denial of an earlier one — make any difference? I think not, unless, in any case, “ it was the result of illegality, irregularity in vital matters, or fraud ” (People ex rel. Finnegan v. McBride, 226 N. Y. 252, 259), or unless it was “ pursuant to an order of remand issued by the State Rent Administrator ’ ’ (State Rent and Eviction Regulations, § 88, subd. 1; see, also, § 104). The utilization of the device or subterfuge of a new proceeding, rather than the reopening of the old one (cf. Davidsen v. McGoldrick, 137 N. Y. S. 2d 245), cannot be permitted to affect the application of the legal principle of desired finality or of the regulation providing for it.
There was no order of remand issued by the State Administrator in the first proceeding, and there was no protest in that proceeding upon which such an order might be based. Nor do I find in the record any evidence of ‘ ‘ illegality, irregularity in vital matters, or fraud ’ ’ upon which the first decision was based. The respondent states that, after the denial of the first application, it was ascertained at the local level, upon inquiry from the appropriate municipal agency, that the filing of plans was not required. Nevertheless, in my view, the discovery by the respondent of its error did not furnish ground to supersede the prior order by the technique of entertaining a subsequent application.
True, the earlier order was, in terms, issued “ without prejudice to the filing of another application if other facts can be shown which warrant the relief under the Regulations ” *28 (italics supplied). Assuming the efficacy of such administrative reservation at the local level, no “ other facts ” were shown here. It could be said, I suppose, that there was a mistake on the part of the local rent administrator in his understanding or knowledge of the requirements of the law as to, or the rules of, the municipal agency involved — on this I do not pass — and yet I cannot see that that would be a vital irregularity or fraud or illegality, as I understand the sense in which those requirements have been laid down. The landlords had the opportunity within due time to protest the denial of the certificate. This they failed or neglected to do. If Cupo v. McGoldrick (supra) and the precedents before and since are to have any force, I have no choice but to hold in favor of the petitioner and to grant the motion. An order has been entered accordingly.