Matthew M. Levy, J.
An administrative proceeding was initiated by the respondent for the fixation of the maximum rent applicable to the unit occupied by the petitioner tenant. Concededly, authority existed here for fixation as of the date of first renting, April 1, 1952 (State Rent and Eviction Regulations, § 36, subd. [c]).* * But the rent was fixed by the local rent-administrator as of the date when the order was issued, Janu *419 ary 20, 1955. The tenant did not protest the order in any respect, hut the landlord protested the maximum rent fixed. And, on the landlord’s protest, the tenant insisted upon the propriety of the order. The protest was denied by the State Rent Administrator, and the landlord instituted an article 78 proceeding in this court. The landlord’s application was denied by the court and his petition was dismissed. Thereafter, the tenant moved before the local administrator, pursuant to subdivision 1 of section 88** of the regulations, contending that subdivision (c) of section 36 of the regulations as to the effective date of the fixation of rent is mandatory and was violated, and the tenant there sought modification of the order so as to make it retroactive to April 1, 1952. Such an order was granted at the local level. On protest, the State Administrator affirmed. The landlord again invoked article 78, and this time the proceeding was remanded by the court to the State Administrator. On remand, the matter was reopened and the original order of the local administrator fixing the rent as of the date of the order, January 20, 1955 (which order had been sustained on the State level and by the court), was reinstated. The tenant has now instituted the instant article 78 proceeding to review the determination of the State Administrator in so holding.
I am of the view that, after the court had sustained the order fixing the maximum rent as of the date specified in the order, there was no power in the local administrator to change that order in any substantial respect (Schenectady Trust Co. v. Emmons, 290 N. Y. 225; United Appraisal Co. v. Fuca, 250 App. Div. 739, affd. 277 N. Y. 726; but, see Gilmore v. Hirschman, 188 App. Div. 218). I hold, too, that the time of the effectiveness of the order — i.e., the date of its issuance (Jan. 20, 1955) or the *420 date of the first renting (April 1, 1952) —was not an error within the purview of subdivision 1 of section 88 of the regulations, subject to later administrative modification (cf. Matter of Neri v. Temporary State Housing Rent Comm., 7 Misc 2d 24, 27-28). If error there was, and if the point had been duly raised, review was open to the party aggrieved by way of protest to the State Administrator, by way of an article 78 proceeding in this court (Civ. Prac. Act, § 1283 et seq.), and by way of appeal to the Appellate Division of the Supreme Court and to the Court of Appeals (State Residential Rent Law, § 9, subds. 1, 2; L. 1946, ch. 274, as amd.) —not by the device of an application to the local administrator. After denial of the landlord’s original protest, after the failure of the tenant to protest the effective date of the original order, after the tenant’s insistence that the order be sustained and after the denial by the court of the landlord’s petition for review, the authority of the local administrator was exhausted and the tenant lost any right of further review before the local administrator. (Cf. Matter of La Fontaine Properties v. McGoldrick, 200 Misc. 518, 519-520; see Hilzen v. Universal Restaurant Co., 153 N. Y. S. 2d 752.)
Nor do I find that the tenant’s prior silence as to the claimed proper effective date of the commencement of the permissible maximum rent gives him any greater right than if he had vigorously litigated the issue (Griffin v. Long Island R. R. Co., 102 N. Y. 449, 452; Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N. Y. 304; Statter v. Statter, 2 N Y 2d 668, 673). Indeed, it may well have been the case that, in fixing the amount of the maximum rent, the lack of a provision for retroactivity may have been a factor which was taken into account by the administrator. I do not say that that was proper. What I do say is that it is too late for the tenant to raise the issue of retroactivity after accepting the benefit without protest of the rent thus fixed. The tenant could, on his own, have protested the absence of any proviso for the retroactive effect of the order. Or, when the landlord protested the amount of the rent fixed, the tenant could have cross-protested as to the effective date of the order fixing that rent. In the circumstances here, the propriety of the order must be considered as a whole, and not in piecemeal fashion. The claimed error was obviously not a mere typographic one which might, in a proper case, warrant administrative correction.
Although there may be no express time limitation with respect to the exercise of the power given the local administrator within the area as provided by subdivision 1 of section 88 of the regula *421 tions, I hold it to be subject to the rule that litigation may not be indefinitely extended. Underlying the established doctrine of conclusiveness of judgment is the thesis that, while every party is entitled to have his day in court, there must be an end to litigation. Proceedings before the Rent Commission, as before other quasi-judicial bodies, are encompassed within the principle of finality of determination applicable to court proceedings themselves (Matter of Neri v. Temporary State Housing Rent Comm., 7 Misc 2d 24, 27, supra).
The motion is denied and thfe petition is dismissed. An order has been signed accordingly.

 Subdivision (e) of section 36 reads as follows:
Section 36. Orders where the maximum rent or other facts are in dispute, in doubt, or not known, or where maximum rent must be fixed.
* * *
(c) Where no registration statement had been filed prior to May 1, 1950 under -the Federal Act, or after that date as is required by these Regulations, the Administrator at any time upon written request of either party, or on his own initiative, may, when he cannot determine the maximum rent pursuant to paragraph (a) herein, issue an order fixing a maximum rent which may be established on the basis of the maximum rent for comparable housing accommodations. Where there are maximum rents in effect in the same establishment, these may be used as comparable housing accommodations, in the discretion of the Administrator. In cases of a change in the number of occupants or terms of occupancy in rooming houses, the maximum rent may be established upon the basis of the amount by which the landlord has customarily varied his rent for such change in the number of occupants or terms of occupancy as reflected in the maximum rents in effect on March 1, 1950. Where the landlord has no customary variation the Administrator may issue an order fixing the maximum rent for such rooms, units or occupancy based upon the rental value *419 of the change in occupancy or in terms of occupancy, after taking into consideration the previous maximum rent therefor. The Administrator may take into consideration all factors hearing on the equities involved. Such order shall fix the maximum rent as of May 1, 1950, or the date of first renting, whichever is later, and may contain a directive that all rent collected by the landlord in excess of the maximum rent established under this paragraph for a period not exceeding two years prior to the date of its issuance shall be refunded to the tenant within 30 days after such order shall become final.
* ** Subdivision 1 of section 88 reads as follows:
Section 88. Modification or revocation of orders.
1. Except as provided in Paragraph 2 or 3 of this section [here clearly inapplicable], the Local Rent Administrator may not modify, supersede or revoke any order issued under these or previous regulations, except pursuant to an order of remand issued by the State Rent Administrator, unless he finds that such order was the result of illegality, irregularity in vital matters, or fraud.