Morris E. Spbctor, J.
This is a nonjury case brought under the State Residential Rent Law (L. 1946, ch. 274, as amd.) by former tenants of an apartment to recover from their landlord treble damages for a rent overcharge.
Defendant as landlord leased to plaintiffs as tenants the premises known as apartment 2 and 3R in the building known as 12 East 62nd Street, New York City.
The defendant bought these premises in January, 1952, and said apartment at that time was occupied for commercial purposes. Said premises were leased to plaintiffs on October 1, 1953, for a period of two years. Plaintiffs agreed to use the demised premises primarily and predominantly as a studio for the practice of their professions as artists (portrait and ceramics) and, incidentally, as a residence. However, the money-producing labors involved the making of tile mosaic table tops.
The first floor of this apartment (duplex) had a large room, 24 feet by 24 feet, plus a kitchen, and the second floor contained two bedrooms and a bath. The first floor was used admittedly for commercial purposes, and the second floor for residential purposes.
Admittedly, the plaintiffs predominantly used said apartment for commercial purposes until April, 1955, when they leased other space at East 80th Street for purposes of carrying on the business of making mosaic tile table tops.
On June 29, 1955, plaintiffs entered into a new lease for the term of October 1,1955 to September 30,1957, for said premises. This lease also contained the provision that plaintiffs would continue to predominantly use the demised premises for purposes of their artistic professions (portrait and ceramics) and that said plaintiffs would not use any mechanical or manufacturing processes with respect to tiles, table tops, etc.
*874 Of course, the rent charged exceeded the maximum rental on file with the Temporary State Housing Bent Commission when said premises were registered for residential purposes.
The issue in this case is whether the demised premises were primarily and predominantly used for commercial purposes.
Plaintiffs contend that they leased the East 80th Street premises for their mosaic work because the landlord complained that their labors were too noisy and that there was too much traffic in carrying into the apartment these table top frames and carrying out of the apartment large tables and chipping the plaster on the stair walls. However, they admit that all billing was done from the 62nd Street apartment and that they did oil painting and did preliminary sketching of designs for the table tops at said apartment.
Defendant stated she expressed displeasure at the use of heavy machinery that was used and the noise that was made at night; that the plaintiff said he was going to do his heavy work elsewhere and use the apartment for his other work.
Witnesses were produced who testified that they saw mosaic tile table tops being made in the apartment during the tenure of this lease and saw plaintiffs carry out such articles to their station wagon. That the premises had the appearance of a work room rather than a living room. That there was considerable traffic by prospective clients.
The premises had a sign on the door which read “ Stewart Studio ” and the plaintiff stated that the address 12 East 62nd Street had a significant appeal to his clientele. In other words, the address had considerable value to his business.
While it is true that there was a diminution in the actual work that was being done in the premises, due to the fact that the heavy work was done at the 80th Street address, this in itself is not definitive as to whether the character of the premises changed from commercial to residential. (Vojda v. Prizep, 280 App. Div. 287, appeal dismissed 304 N. Y. 978.)
The court is of the opinion that the plaintiff has failed to establish by the preponderance of the evidence that there was a violation of the statute and is of the opinion that the lease entered into was not a subterfuge to avoid the residential rent control laws.
Settle findings of fact and conclusions of law.
The above constitutes the decision of the court in accordance with section 440 of the Civil Practice Act. The motions upon which decision was reserved are resolved in accordance with the foregoing.
Judgment for defendant.