Daniel E. Fitzpatrick, J.
This is an article 78 proceeding to review and annul respondent’s determination denying landlord petitioners’ protest and affirming an order of the District Rent Director dated May 22, 1967 which modified a prior order decontrolling the .first floor right apartment of the premises 1734 Harman Street, Queens, owned by petitioners.
Prior to the occupancy of the present tenant Joseph Roth, the subject apartment had been occupied by petitioners’ predecessor in title for a period of five years. Petitioners, upon taking title to the premises, applied for statutory decontrol of the apartment based upon the prior owner’s occupancy. On August 23, 1965, the apartment was decontrolled.
The report of the local rent inspector reveals that at the time the application for decontrol was being investigated, Joseph Roth was occupying the subject apartment. In fact, the tenant’s occupancy was under a two-year lease at a rental of $60 per month. Although the tenant was given notice of the proceeding for statutory decontrol, he made no.protest.
Apparently upon learning that at the expiration of the lease the landlords intended to raise the rent to $90 per month, the tenant, in April, 1967, brought to the attention of the District Rent Director the fact that he had occupied a controlled apartment in the building prior to taking occupancy of the subject apartment and that he had exchanged apartments at the landlords’ demand and for their convenience. The District Director then reopened the original proceedings and, as a result, the decontrol order was modified by providing that the apartment was to remain subject to control at a maximum rent of $60 per month co-extensive with the tenant’s occupancy. Petitioners filed a protest, asserting that the District Director had no jurisdiction to modify the earlier order. However, upon a de novo review of the record, the protest was denied.
*544 It has been held that where, at the landlord’s instance and for his convenience, a tenant occupying a controlled apartment surrenders possession thereof in exchange for an apartment otherwise decontrolled, the latter apartment remains subject to control during his occupancy. (Matter of Capone v. Weaver, 6 N Y 2d 307.) Petitioners do not argue with the rule of law, but, rather, contend that the District Director lacked jurisdiction to modify the earlier order. Section 88 of the City Bent Begulations provides, inter aUa, that the District Director may not modify any order unless he finds that such order was the result of ‘ ‘ illegality, irregularity in vital matters, or fraud. ’ ’
Respondent states that on the original decontrol proceeding, he overlooked the facts that would have brought the instant case within the' Capone rule and that this constituted an irregularity in a vital matter, thereby permitting a modification of the original order. This court disagrees with that contention. In People ex rel. Finnegan v. McBride (226 N. Y. 252, 259), the Court of Appeals stated: “Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action.” (See Matter of Cupo v. McGoldrick, 278 App. Div. 108.)
It is the opinion of this court that under the circumstances, the District Director’s failure to discover certain facts is not the type of ' ‘ irregularity in a vital matter ’ ’ contemplated by the regulations. Moreover the tenant, having failed or neglected to protest the original decontrol order, was precluded from obtaining a review of that order before the local director and the latter’s authority to reconsider the matter was exhausted. (Matter of 795 St. Nicholas Ave. Realty Corp. [Weaver], N. Y. L. J., April 29, 1959, p. 12, col. 6; see, also, Matter of Neri v. Temporary State Housing Rent Comm., 7 Misc 2d 24; Matter of Breeding v. Weaver, 13 Misc 2d 417.) Thus the determination of May 22, 1967 was arbitrary and contrary to law.
Accordingly, the petition is granted.